Jared A. Washkowitz (7653)
**JAW LEGAL LLLC**
1050 Bishop Street #450
Honolulu, Hawaii 96813
Tel: (808) 840-7410
Fax: (415) 520-9729

Attorneys for Plaintiff
AMERICAN ZURICH INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>JAYAR CONSTRUCTION INC., JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENT AGENCIES 1-10, and DOE CORPORATIONS 1-10,<br><br>Defendants. | CASE NO:<br><br>COMPLAINT; SUMMONS |

## **COMPLAINT**

COMES NOW, Plaintiff AMERICAN ZURICH INSURANCE COMPANY (herein "ZURICH" or "Plaintiff"), by and through its undersigned attorneys, and for claims for relief against Defendants named above, alleges and avers as follows:

1.     Plaintiff AMERICAN ZURICH INSURANCE COMPANY (herein "ZURICH") is and was at all material times herein a business entity organized and existing in Cook County, Illinois, and engaged in the business of providing workers compensation insurance, among other things.  At all material times ZURICH was duly authorized to transact insurance business in the State of Hawaii.

2.     Defendant JAYAR CONSTRUCTION INC. was, at all relative times herein, a corporation organized and existing in the City and County of Honolulu, Hawaii.  Upon information and belief JAYAR CONSTRUCTION INC. is a construction contractor.

3.     Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Government Agencies 1- 10  (hereinafter collectively named "Doe Defendants") are sued herein under fictitious names for the reasons that their true names and identities are presently unknown to Plaintiffs except that they are connected in some manner with Defendants and/or were the agents, employees, employers, representatives, partners, associates, consultants, and/or were in some manner presently unknown to Plaintiffs responsible (whether by contract, warranty, tort or otherwise) for the damages and injuries suffered by the Plaintiffs. Plaintiffs have reviewed all facts available to them to determine the Doe Defendants and their activities and/or responsibilities and will continue such investigation as this case progresses.  Plaintiffs pray for leave to amend this

Complaint to insert herein their true names, identities, capacities, activities and/or responsibilities when they are ascertained. Doe Defendants and Defendant JAYAR CONSTRUCTION INC. are hereinafter collectively referred to as "Defendants", unless otherwise indicated.

4.      Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332 (diversity), as the matter in controversy is between citizens of different states and exceeds the sum of $75,000.00, exclusive of interests and costs, and a substantial part of the events giving rise to the claims made herein took place within this District.

5.      At all material times herein, ZURICH was the workers compensation insurance carrier for Penhall Company dba The Concrete Coring Company of Hawaii (herein "Penhall"), whose corporate headquarters is in Anaheim, California.  Upon information and belief, Penhall was at all material times herein a contractor specializing in concrete cutting and coring.  At all material times herein, Penhall employed Jeramie Scott Ackee, a citizen of Honolulu, Hawaii, as a general laborer.

6.      On July 14, 2014,  Penhall was engaged in a project on a construction site at the Ala Moana Shopping Center.  On that date, Penhall's employee Jeramie Scott Akee was injured when he slipped and fell on a plank at the construction site.

The plank was slippery due to slurry mud that was spilled on the plank by a nearby worker employed by Defendants.

7. At all times relevant herein, Penhall was a lawfully insured employer pursuant to, and under the requirements of applicable workers compensation laws, and ZURICH wrote a policy of insurance insuring Penhall against claims under said workers compensation laws, which policy was in effect on or about the date of Mr. Akee's injury as alleged herein.

7. At all times relevant herein, ZURICH was and is obligated under said duly issued and valid policy of insurance to pay workers' compensation benefits to employees of Penhall, including Mr. Akee herein, for claims arising under applicable the workers compensation laws.

8. As a result of the injuries allegedly sustained by Mr. Akee, Mr. Akee asserted a claim against Penhall and ZURICH under the applicable workers compensation laws.

9. ZURICH has paid Mr. Akee sums in excess of this Court's minimum jurisdiction in workers compensation benefits, and is expected to pay further workers compensation benefits to Mr. Akee in the future, all in connection with the injury sustained by Mr. Akee as alleged herein.

10. By reason of the payments made by ZURICH to Mr. Akee on behalf of Penhall, and pursuant to the applicable workers compensation laws, ZURICH

has become subrogated to all of the rights of Penhall, and against any third party who is or may be liable to Mr. Akee on account of his injuries, including defendants herein.

11. At all material times herein, Defendants owed Mr. Akee a duty to use reasonable care in the operation of their business, which was being conducted at a construction site in close proximity to where Mr. Akee was performing work as a general laborer.

12. At all material times herein, Defendants breached their duty in that their employee and/or agent negligently caused slurry mud to spill on a plank that was being used by Mr. Akee and other workers as a walk way. Defendants knew or should have known that the slurry mud on the plank used by workers as a walk way created a dangerous condition and increased the risk of injury, yet Defendants failed to take any corrective action or warn Mr. Akee or others of the dangerous condition.

13. As a direct and proximate result of Defendants' negligence as alleged herein, Mr. Akee sustained bodily injuries and damages and ZURICH became obligated to pay workers compensation benefits to Mr. Akee as alleged herein.

14. Pursuant to the applicable workers compensation laws, Defendants are liable to ZURICH for reimbursement of all past and future workers compensation benefits paid or payable to Mr. Akee as a result of Defendants' negligence.

WHEREFORE, Plaintiff AMERICAN ZURICH INSURANCE COMPANY prays, as follows:

1. That judgment be entered against Defendants and in favor of Plaintiff in the amount of all workers compensation benefits paid or payable by Plaintiff to Defendants as a result of Defendants' negligence as alleged herein, said amount being in excess of this Court's minimum jurisdiction;

2. For a declaration of the rights and duties as among the parties; and

3. For prejudgment interest at the legal rate; and,

4. For costs of suit; and,

5. For all such other and further relief as the Court may deem just and proper..

DATED: Honolulu, Hawaii, July 11, 2016

**JAW LEGAL**

_/s/Jared A. Washkowitz_____
Jared A. Washkowitz
Attorneys for Plaintiff
AMERICAN ZURICH INSURANCE COMPANY